# EXHIBIT 1

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Joseph M. Lovretovich (73403), Jared Beilke (195698), Ruth Gewing (255876)<br>JML Law, APLC<br>5855 Topanga Canyon Blvd. Suite 300<br>Woodland Hills, CA 91367<br>TELEPHONE NO.: (818) 610-8800          FAX NO.:<br>ATTORNEY FOR *(Name):*  Plaintiff Pha Phann | Filed **MAY 11 2020**<br>BRANDON E. RILEY, CLERK<br>*Rita L. Gomez*<br>By_____<br>DEPUTY |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF  San Joaquin |
|---|
| STREET ADDRESS: 180 E. Weber Ave. Suite 200 |
| MAILING ADDRESS: |
| CITY AND ZIP CODE: Stockton, CA 95202 |
| BRANCH NAME: Civil |

| CASE NAME:<br>PHANN v. SCHELL & KAMPETER, INC. et al |  |
|---|---|

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER:<br>STK-CV-UOE-2020-3961 |
|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000)    [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [✓] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a.[✓] monetary   b.[✓] nonmonetary; declaratory or injunctive relief   c.[✓] punitive
4. Number of causes of action *(specify):*  Seven
5. This case [ ] is [✓] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: March 18, 2020

Joseph M. Lovretovich, Jared Beilke, Ruth Gewing     ▶ *Ruth (signature)*
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET**<br>FILE BY FAX | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov* |
|---|---|---|

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) (*if the
case involves an uninsured
motorist claim subject to
arbitration, check this item
instead of Auto*)
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability (*not asbestos or
toxic/environmental*) (24)
Medical Malpractice (45)
Medical Malpractice–
Physicians & Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip
and fall)
Intentional Bodily Injury/PD/WD
(e.g., assault, vandalism)
Intentional Infliction of
Emotional Distress
Negligent Infliction of
Emotional Distress
Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
Practice (07)
Civil Rights (e.g., discrimination,
false arrest) (*not civil
harassment*) (08)
Defamation (e.g., slander, libel)
(13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice
(*not medical or legal*)
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract (*not unlawful detainer
or wrongful eviction*)
Contract/Warranty Breach–Seller
Plaintiff (*not fraud or negligence*)
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open
book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections
Case
Insurance Coverage (*not provisionally
complex*) (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property (*not eminent
domain, landlord/tenant, or
foreclosure*)
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal
drugs, check this item; otherwise,
report as Commercial or Residential*)
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court
Case Matter
Writ–Other Limited Court Case
Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor
Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
(*arising from provisionally complex
case type listed above*) (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of
County)
Confession of Judgment (*non-
domestic relations*)
Sister State Judgment
Administrative Agency Award
(*not unpaid taxes*)
Petition/Certification of Entry of
Judgment on Unpaid Taxes
Other Enforcement of Judgment
Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified
above*) (42)
Declaratory Relief Only
Injunctive Relief Only (*non-
harassment*)
Mechanics Lien
Other Commercial Complaint
Case (*non-tort/non-complex*)
Other Civil Complaint
(*non-tort/non-complex*)
**Miscellaneous Civil Petition**
Partnership and Corporate
Governance (21)
Other Petition (*not specified
above*) (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult
Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late
Claim
Other Civil Petition

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

SCHELL & KAMPETER, INC., a Missouri Corporation; DIAMOND
PET FOOD PROCESSORS OF RIPON, LLC; and DOES 1 through 50;
inclusive;

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

PHA PHANN an individual;

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

Filed **MAY 11 2020**
BRANDON E. RILEY, CLERK
By *Rita L Gomez*
DEPUTY

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

The name and address of the court is:
*(El nombre y dirección de la corte es):* San Joaquin Superior Court

180 E Weber Ave Ste 200 Stockton, CA 95202

STK-CV-UOE-2020-3961

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Joseph M. Lovretovich, Jared Beilke, Ruth Gewing 5855 Topanga Canyon Blvd. Ste. 300 Woodland Hills, CA
91367, (818) 610-8800

DATE: **MAY 11 2020**        **BRANDON E. RILEY**        Clerk, by *Rita L Gomez*        , Deputy
*(Fecha)*        *(Secretario)*        *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)          ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)          ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**
FILE BY FAX

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

# JML LAW
### A PROFESSIONAL LAW CORPORATION
5855 TOPANGA CANYON BLVD., SUITE 300
WOODLAND HILLS, CALIFORNIA 91367

Tel: (818) 610-8800

Fax: (818) 610-3030

JOSEPH M. LOVRETOVICH, STATE BAR NO. 73403
JARED BEILKE, STATE BAR NO. 195698
RUTH GEWING, STATE BAR NO. 255876

Attorneys for Plaintiff
**PHA PHANN**

ρ<sup>b</sup> MAY 11 2020

Filed _____

BRANDON E. RILEY, CLERK

By _Rita L. Gomez_

DEPUTY

$435.00 -559698

## SUPERIOR COURT FOR THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN JOAQUIN

PHA PHANN an individual;

           Plaintiff,

vs.

SCHELL & KAMPETER, INC., a Missouri Corporation; DIAMOND PET FOOD PROCESSORS OF RIPON, LLC; and DOES 1 through 50; inclusive;

           Defendants.

Case No.: STK-CV-UOE-2020-3961

COMPLAINT FOR:

1. **DISABILITY DISCRIMINATION IN VIOLATION OF FEHA;**
2. **FAILURE TO ACCOMMODATE IN VIOLATION OF FEHA;**
3. **FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS IN VIOLATION OF FEHA;**
4. **FAILURE TO INVESTIGATE AND PREVENT DISCRIMINATION AND HARASSMENT IN VIOLATION OF THE FEHA;**
5. **WRONGFUL TERMINATION IN VIOLATION OF FEHA;**
6. **RETALIATION IN VIOLATION OF THE FEHA; AND**
7. **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**

    Plaintiff, PHA PHANN, hereby brings her complaint against the above-named Defendants and states and alleges as follows:

### PRELIMINARY ALLEGATIONS

    1.    At all times material herein, Plaintiff, PHA PHANN (hereinafter referred to as "Plaintiff") was and is a resident of the State of California, County of San Joaquin.

THIS CASE HAS BEEN ASSIGNED TO JUDGE ROGER ROSS IN DEPARTMENT 11B FOR ALL PURPOSES, INCLUDING TRIAL.

COMPLAINT

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300

1      2.    Plaintiff is informed, believes, and based thereon alleges that, at all times material

2 herein, Defendant SCHELL & KAMPETER, INC. (hereinafter "SCHELL") was a Missouri

3 Corporation and was, at all times mentioned in this complaint, duly licensed to do business, was

4 and is doing business under and by virtue of the laws of the State of California, and within the

5 County of San Joaquin.

6      3.    Plaintiff is informed, believes, and based thereon alleges that, at all times material

7 herein, Defendant DIAMOND PET FOOD PROCESSORS OF RIPON, LLC. (hereinafter

8 "DIAMOND") was a California Limited Liability Corporation and was, at all times mentioned in

9 this complaint, duly licensed to do business, was and is doing business under and by virtue of the

10 laws of the State of California, and within the County of San Joaquin.

11      4.    Plaintiff is informed, believes, and based thereon alleges that, at all times material

12 herein, Defendant DIAMOND merged with and became part of SCHELL.

13      5.    At all times material herein, Plaintiff was employed by Defendant DIAMOND.

14      6.    DOES 1 through 50, and each of them, were and are the shareholders, and/or

15 directors, and/or officers, and/or agents, and/or alter egos of SCHELL and/or DIAMOND, and in

16 doing the things herein described, were acting within the scope of their authority as such

17 shareholders, and/or directors, and/or officers, and/or agents, and/or alter egos of SCHELL

18 and/or DIAMOND.

19      7.    The true names and capacities, whether individual, corporate, associate or otherwise

20 of DOES 1 through 50 are unknown to Plaintiff who therefore sues these Defendants under said

21 fictitious names. Plaintiff is informed and believes that each of the Defendants named as a DOE

22 Defendant is legally responsible in some manner for the events referred to in this complaint,

23 either negligently, willfully, wantonly, recklessly, tortiously, strictly liable, statutorily liable or

24 otherwise, for the injuries and damages described below to this Plaintiff. Plaintiff will in the

25 future seek leave of this court to show the true names and capacities of these DOE Defendants

26 when it has been ascertained.

27

28

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300

1    8.    Plaintiff is informed and believes, and based thereon alleges, that each of the

2    fictitiously named Defendants is responsible in some manner for, and proximately caused, the

3    harm and damages alleged herein below.

4    9.    Plaintiff is informed and believes, and based thereon alleges, that each of the

5    Defendants named herein acted as the employee, agent, spouse, partner, alter-ego and/or joint

6    venturer of each of the other Defendants named herein and, in doing the acts and in carrying out

7    the wrongful conduct alleged herein, each of said Defendants acted within the scope of said

8    relationship and with the permission, consent and ratification of each of the other Defendants

9    named herein.

10    10.    Hereinafter in the Complaint, unless otherwise specified, reference to a Defendant or

11    Defendants shall refer to all Defendants, and each of them.

12    **FACTUAL ALLEGATIONS**

13    11. Plaintiff commenced employment with Defendant on or about September 21, 2017 as

14    a Machine Operator. Plaintiff performed his duties in a competent and professional manner and

15    became a valued employee of Defendant. Plaintiff never had disciplinary or performance issues

16    during his tenure with Defendant.

17    12. On or around April 29, 2018, Plaintiff suffered a work-related injury to his left

18    shoulder when he was lifting a 40-pound bag of dog food.

19    13. Plaintiff immediately informed his supervisor of his injury and requested treatment.

20    Plaintiff was sent home for the day.

21    14. Defendant's Safety Director set an appointment for Plaintiff to see a Worker's

22    Compensation physician.

23    15. On or around April 30, 2018, Plaintiff was examined by the Worker's Compensation

24    Doctor who took x-rays and referred Plaintiff to Physical Therapy. Plaintiff was diagnosed with

25    a strain in his shoulder.  The Worker's Compensation physician placed Plaintiff on restrictions

26    for three months which consisted of: no pushing, pulling, bendin, or lifting over 5 lbs.

27    16. The doctor faxed the note explaining Plaintiff's restrictions to the Human Resources

28    department of Defendant.

3
COMPLAINT

17. On or around May, 2018, Human Resources of Defendant called Plaintiff confirming they received the note. They informed Plaintiff they could not place him on light duty as all the work required lifting and pulling.

18. Defendants told Plaintiff to take the time off required for him to heal.

19. On or around May 6, 2018, the Worker's Compensation physician called Plaintiff to come in for an appointment. On or around May 8, 2018, Plaintiff saw the physician who released him to work with no restrictions.

20. Plaintiff was still injured and asked the doctor how he was supposed to return to work with his injury. The doctor advised him to speak with his employer.

21. Plaintiff contacted Dolores Alvarez, the Human Resource Representative and informed her he was released for regular duty.

22. Ms. Alvarez told Plaintiff to go to his primary doctor and get checked again for his injuries and once his restrictions were clear, to advise her.

23. On or around June 6, 2018, Plaintiff went to see his primary doctor. Plaintiff was taken for an MRI which showed a torn tendon.

24. Plaintiff's primary doctor gave Plaintiff further work restrictions including: no pushing, pulling, or lifting of over 2 pounds. The restrictions were for three months and through on or August 1, 2018.

25. Plaintiff faxed a copy of the doctor's note to Human Resources.

26. Based on Defendant's assertions that they could not place Plaintiff on light duty and their request that he get cleared by his primary doctor, he did not report to work.

27. Around a week later, Ms. Alvarez called Plaintiff and told him he needed to tell his doctor he needed to be released to regular duty. Plaintiff informed her that he could ask his doctor but did not believe his doctor would release him until his injury had completely resolved and healed. Ms. Alvarez did not reply further than saying ok and that was all for today.

28. Plaintiff followed up with his primary doctor and asked to be released to regular duty. The doctor did not release him.

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300

29. In or around June, 2018 Plaintiff had two or three meetings with Ms. Alvarez who told him each time the restrictions could not be accommodated.

30. In or around July, 2018, Plaintiff had two meetings with Ms. Alvarez who told him there was no light duty.

31. In or around August 2, 2018, Plaintiff saw a specialist who placed him off work through December 31, 2018 due to his torn tendon and lifting restrictions.

32. Plaintiff turned in the specialist's note to Ms. Alvarez who confirmed receipt.

33. Plaintiff did not hear from Ms. Alvarez or any other employee of Defendant until on or around October 1, 2018 when Plaintiff received a letter notifying him that he was terminated. The letter stated that Plaintiff refused to meet with Defendant which Plaintiff denies. Since Plaintiff was placed off of work through the end of 2018, he had no reason to believe he needed to further communicate with Defendants unless they contacted him, which they did not do.

34. On or around October 2, 2018, Plaintiff called Defendants and left a voicemail; he did not receive a call back.

35. Plaintiff is unable to treat his injury because he lost his insurance when Defendants terminated him. Worker's Compensation will not approve his treatment because, although he saw a Worker's Compensation doctor at the behest of Defendants, no Worker's Compensation report was made and therefore Plaintiff's claim has been denied.

36. Plaintiff was terminated due to Defendant's refusal to consider accommodating a disabled employee. Defendants did not engage in the interactive process with Plaintiff to accommodate his disability, instead they terminated him while he was on protected medical leave.

37. Plaintiff exhausted his administrative remedies by filing a complaint with the Department of Fair Housing and Employment ("DFEH") on August 21, 2019. The DFEH issued Plaintiff an immediate right-to-sue letter on August 21, 2019.

///

///

///

## FIRST CAUSE OF ACTION

## DISABILITY DISCRIMINATION IN VIOLATION OF

## GOVERNMENT CODE § 12940, *ET SEQ*. [FEHA]

## (Against ALL DEFENDANTS)

38. Plaintiff hereby repeats and incorporates all preceding paragraphs as though fully set forth herein.

39. At all times herein mentioned, California Government Code § 12940, *et seq*. were in full force and effect and were binding on Defendants and each of them, as Defendants regularly employed five (5) or more persons. Under the Fair Employment and Housing Act ("FEHA"), Government Code § 12940, *et seq*., it is an unlawful employment practice for an employer, because of the actual and/or perceived physical disability of a person to discharge the person from employment or to discriminate against the person in compensation or in terms, conditions, or privileges of employment.

40. As set forth in this complaint, Plaintiff is informed and believes that Defendants and their agents discriminated against Plaintiff on the basis of his actual and/or perceived disability by refusing to search for or provide Plaintiff with any available positions and/or temporary modified duty, and by wrongfully terminating his employment.

41. As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in his field and damage to his professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

42. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believes and thereupon alleges that he will continue to experience said physical and emotional

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300

1  suffering for a period in the future not presently ascertainable, all in an amount subject to proof

2  at the time of trial.

3      43. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff

4  has been forced to hire attorneys to prosecute his claims herein, and has incurred and is expected

5  to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to

6  recover attorneys' fees and costs pursuant to Government Code § 12965(b).

7      44. Defendants had in place policies and procedures that specifically prohibited and

8  required Defendants' managers, officers, and agents to prevent disability discrimination against

9  and upon employees of Defendants. Managers, officers, and/or agents of Defendants were aware

10  of Defendants' policies and procedures requiring Defendants' managers, officers, and agents to

11  prevent, and investigate, disability discrimination against and upon employees of Defendants.

12  However, Defendants chose to consciously and willfully ignore said policies and procedures and

13  therefore, Defendants' outrageous conduct was fraudulent, malicious, oppressive, and was done

14  in wanton disregard for the rights of Plaintiff and the rights and duties owed by each Defendant

15  to the Plaintiff. Each Defendant aided, abetted, participated in, authorized, ratified, and/or

16  conspired to engage in the wrongful conduct alleged above. Plaintiff should therefore be

17  awarded exemplary and punitive damages against each Defendant in an amount to be established

18  that is appropriate to punish each Defendant and deter others from engaging in similar future

19  conduct.

20      45. Plaintiff is informed and believes, and based thereon alleges that Defendants and their

21  managers, officers, and managing agents had a pattern and practice of wrongfully terminating

22  employees who were disabled so that Defendants did not have to reasonably accommodate them

23  as required by the FEHA. Plaintiff should therefore be awarded exemplary and punitive

24  damages against each Defendant in an amount to be established that is appropriate to punish each

25  Defendant and deter others from engaging in similar future conduct.

26  ///

27  ///

28  ///

## SECOND CAUSE OF ACTION

### FAILURE TO ACCOMMODATE IN VIOLATION OF FEHA

### (Against ALL DEFENDANTS)

46. Plaintiff hereby repeats and incorporates all preceding paragraphs as though fully set forth herein.

47. At all times herein mentioned, Government Code § 12940, *et seq*. were in full force and effect and were binding on Defendants and each of them, as Defendants regularly employed five (5) or more persons.

48. Plaintiff's injury limited his ability to engage in the major life activity of working. Therefore, Plaintiff's injury constituted a qualifying actual and/or perceived physical disability as defined under the FEHA.

49. Although Defendants knew of Plaintiff's disability, Defendants failed to provide reasonable accommodation for Plaintiff's disability in direct violation of the FEHA, Government Code § 12940, *et seq*. Defendants knew that Plaintiff required accommodation in the form of work restrictions and/or temporary modified duty. Defendants could have accommodated Plaintiff without suffering undue hardship, but chose to deny him available positions that would have accommodated him and for which he was qualified. Instead, Defendants chose to terminate Plaintiff in violation of public policy.

50. Plaintiff alleges that he could have fully performed all essential duties and functions of his job or other jobs that Defendant had available, in an adequate, satisfactory and/or outstanding manner, particularly if he was provided with reasonable accommodations.

51. As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in his field and damage to his professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300

1    52. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff

2  has suffered and continues to suffer emotional distress, humiliation, mental anguish and

3  embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and

4  believes and thereupon alleges that he will continue to experience said physical and emotional

5  suffering for a period in the future not presently ascertainable, all in an amount subject to proof

6  at the time of trial.

7    53. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff

8  has been forced to hire attorneys to prosecute his claims herein, and has incurred and is expected

9  to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to

10  recover attorneys' fees and costs under Government Code § 12965(b).

11    54. Defendants had in place policies and procedures that specifically required

12  Defendants' managers, officers, and agents to reasonably accommodate disabled employees in

13  compliance with the FEHA. Defendants' managers, officers, and/or agents were aware of

14  Defendants' policies and procedures requiring reasonable accommodation of disabled

15  employees. However, Defendants chose to consciously and willfully ignore said policies and

16  procedures and therefore, Defendants' outrageous conduct was fraudulent, malicious, oppressive,

17  and was done in wanton disregard for the rights of Plaintiff and the rights and duties owed by

18  each Defendant to Plaintiff. Each Defendant aided, abetted, participated in, authorized, ratified,

19  and/or conspired to engage in the wrongful conduct alleged above. Plaintiff should therefore be

20  awarded exemplary and punitive damages against each Defendant in an amount to be established

21  that is appropriate to punish each Defendant and deter others from engaging in such conduct.

22    55. Plaintiff is informed and believes, and based thereon alleges that Defendants and their

23  managers, officers, and managing agents had a pattern and practice of wrongfully terminating

24  employees who were disabled so that Defendants did not have to reasonably accommodate them

25  as required by the FEHA. Plaintiff should therefore be awarded exemplary and punitive

26  damages against each Defendant in an amount to be established that is appropriate to punish each

27  Defendant and deter others from engaging in similar future conduct.

28  ///

## THIRD CAUSE OF ACTION

## FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS IN VIOLATION OF FEHA

### (Against ALL DEFENDANTS)

56. Plaintiff hereby repeats and incorporates all preceding paragraphs as though fully set forth herein.

57. Government Code § 12940(m) and (n) provide that it is unlawful for an employer to fail to engage in a timely, good faith, interactive process with the employee to determine effective reasonable accommodations to protect a disabled employee's job.

58. Defendants, and each of them, failed to engage in a timely, good faith, interactive process with Plaintiff to determine effective reasonable accommodation of Plaintiff's actual and/or perceived disability based upon his medically imposed restrictions. Instead, Defendants denied Plaintiff's requests for accommodations, denied him modified work in positions that he was qualified to perform, and then wrongfully terminated his employment.

59. As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in his field and damage to his professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

60. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believes and thereupon alleges that he will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

61. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been forced to hire attorneys to prosecute his claims herein, and has incurred and is expected

1   to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to

2   recover attorneys' fees and costs under Government Code § 12965(b).

3      62. Defendants had in place policies and procedures that specifically required

4   Defendants' managers, officers, and agents to engage in a good faith interactive process with

5   disabled employees of Defendants. Managers, officers, and/or agents of Defendants were aware

6   of Defendants' policies and procedures requiring Defendants' managers, officers, and agents to

7   engage in the interactive process with disabled employees. However, Defendants chose to

8   consciously and willfully ignore said policies and procedures and therefore, Defendants'

9   outrageous conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for

10   the rights of Plaintiff and the rights and duties owed by each Defendant to Plaintiff. Each

11   Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the

12   wrongful conduct alleged above. Plaintiff should therefore be awarded exemplary and punitive

13   damages against each Defendant in an amount to be established that is appropriate to punish each

14   Defendant and deter others from engaging in similar future conduct.

15      63. Plaintiff is informed and believes, and based thereon alleges that Defendants and their

16   managers, officers, and managing agents had a pattern and practice of wrongfully terminating

17   employees who were disabled so that Defendants did not have to engage in the interactive

18   process with them. Plaintiff should therefore be awarded exemplary and punitive damages

19   against each Defendant in an amount to be established that is appropriate to punish each

20   Defendant and deter others from engaging in similar conduct.

21                  **FOURTH CAUSE OF ACTION**

22   **FAILURE TO INVESTIGATE AND PREVENT DISCRIMINATION IN VIOLATION**

23                       **OF FEHA**

24                **(Against ALL DEFENDANTS)**

25      64. Plaintiff hereby repeats and incorporates all preceding paragraphs as though fully set

26   forth herein.

27      65. At all times mentioned herein, Government Code Sections 12940, *et seq.*, including

28   but not limited to Sections 12940 (j) and (k), were in full force and effect and were binding upon

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300

Defendants and each of them. These sections impose upon an employer a duty to take immediate and appropriate corrective action to end discrimination and take all reasonable steps necessary to prevent discrimination from occurring in the workplace.

66. Defendants violated Government Code § 12940 (j) and (k) by failing to adequately supervise, control, discipline, and/or otherwise penalize the conduct, acts, and failures to act as described herein.

67. Defendants failed to fulfill their statutory duty to timely take immediate and appropriate corrective action to end the discrimination committed against Plaintiff. Further, Defendants also failed to take all reasonable steps necessary to prevent the discrimination from continuing to occur and protect Plaintiff's job.

68. In failing and/or refusing to take immediate and appropriate corrective action to end the disability discrimination alleged herein, and in failing and/or refusing to take and or all reasonable steps necessary to prevent the discrimination from occurring and/or continuing to occur, Defendants violated Government Code § 12940 (j) and (k), causing Plaintiff to suffer damages as set forth below.

69. As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in his field and damage to his professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

70. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believes and thereupon alleges that he will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

1  71. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff

2  has been forced to hire attorneys to prosecute his claims herein, and has incurred and is expected

3  to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to

4  recover attorneys' fees and costs under Government Code § 12965(b).

5  72. Defendants had in place policies and procedures that specifically prohibited and

6  required Defendants' managers, officers, and agents to prevent disability discrimination, against

7  and upon employees of Defendants and take all reasonable steps to prevent discrimination from

8  occurring in the workplace. Defendants' managers, officers, and/or agents were aware of

9  Defendants' policies and procedures requiring their managers, officers, and agents to prevent,

10  investigate and curtail disability discrimination. However, Defendants chose to consciously and

11  willfully ignore said policies and procedures and therefore, Defendants' outrageous conduct was

12  fraudulent, malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff

13  and the rights and duties owed by each Defendant to Plaintiff. Each Defendant aided, abetted,

14  participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged

15  above. Plaintiff should therefore be awarded exemplary and punitive damages against each

16  Defendant in an amount to be established that is appropriate to punish each Defendant and deter

17  others from engaging in similar conduct.

18  73. Plaintiff is informed and believes, and based thereon alleges that Defendants and their

19  managers, officers, and managing agents had a pattern and practice of failing to prevent,

20  investigate, and curtail disability discrimination in the workplace and failing to protect the jobs

21  of disabled workers. Plaintiff should therefore be awarded exemplary and punitive damages

22  against each Defendant in an amount to be established that is appropriate to punish each

23  Defendant and deter others from engaging in such conduct.

24  ## FIFTH CAUSE OF ACTION

25  **WRONGFUL TERMINATION IN VIOLATION OF FEHA**

26  **(Against ALL DEFENDANTS)**

27  74. Plaintiff hereby repeats and incorporates all preceding paragraphs as though fully set

28  forth herein.

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300

1      75. At all times mentioned, the FEHA, as codified, expressed and mandated in

2   Government Code § 12940, *et seq.*, is to prohibit employers from discriminating and/or

3   retaliating against any individual on the basis of, but not limited to physical disability, as

4   identified in Government Code §§ 12926, 12940, *et seq.* The FEHA is designed to protect all

5   California employees and to promote the welfare and well-being of the community at large

6   within the State. Accordingly, the actions of Defendants, and each of them, in terminating

7   Plaintiff on the grounds alleged and described herein were wrongful and in contravention of the

8   express policies, requirements, and mandates set forth within Government Code §§ 12940, *et*

9   *seq.*, and the laws and regulations promulgated thereunder.

10      76. As set forth herein, Plaintiff alleges his termination of employment in or about

11   October 1, 2018 was substantially motivated by his actual and/or perceived physical disability,

12   and his requests for reasonable accommodation in the workplace. Therefore, Plaintiff's

13   termination of employment violated the provisions of the FEHA cited herein.

14      77. As a proximate result of the aforementioned acts of Defendants, and each of them,

15   Plaintiff has suffered actual, consequential and incidental financial losses, including without

16   limitation, loss of salary and benefits, and the intangible loss of employment related

17   opportunities in his field and damage to his professional reputation, all in an amount subject to

18   proof at the time of trial. Plaintiff claims such amounts as damages pursuant to Civil Code §

19   3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

20      78. As a proximate result of the wrongful acts of Defendants, and each of them,

21   Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and

22   embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and

23   believes and thereupon alleges that he will continue to experience said physical and emotional

24   suffering for a period in the future not presently ascertainable, all in an amount subject to proof

25   at the time of trial.

26      79. As a proximate result of the wrongful acts of Defendants, and each of them,

27

28

COMPLAINT

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300

1    Plaintiff has been forced to hire attorneys to prosecute his claims herein, and has incurred and is

2    expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is

3    entitled to recover attorneys' fees and costs pursuant to Government Code § 12965(b).

4        80. Defendants had in place policies and procedures that specifically prohibited and

5    required Defendants' managers, officers, and agents to prevent discrimination and retaliation

6    based upon age and/or disability against and upon employees of Defendants. Managers, officers,

7    and/or agents of Defendants were aware of Defendants' policies and procedures requiring

8    Defendants' managers, officers, and agents to prevent, investigate, and curtail disability

9    discrimination against and upon employees of Defendants. However, Defendants chose to

10    consciously and willfully ignore said policies and procedures and therefore, Defendants'

11    outrageous conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for

12    the rights of Plaintiff and the rights and duties owed by each Defendant to Plaintiff. Each

13    Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the

14    wrongful conduct alleged above. Plaintiff should, therefore, be awarded exemplary and punitive

15    damages against each Defendant in an amount to be established that is appropriate to punish each

16    Defendant and deter others from engaging in such conduct.

17        81. Plaintiff is informed and believes, and based thereon alleges that Defendants and

18    their managers, officers, and managing agents had a pattern and practice of wrongfully

19    terminating employees who were disabled so that Defendants did not have to accommodate them

20    or engage in the interactive process. Plaintiff should therefore be awarded exemplary and

21    punitive damages against each Defendant in an amount to be established that is appropriate to

22    punish each Defendant and deter others from engaging in such conduct.

23                   **SIXTH CAUSE OF ACTION**

24             **RETALIATION IN VIOLATION OF FEHA**

25                  **(Against ALL DEFENDANTS)**

26        82. Plaintiff hereby repeats and incorporates all preceding paragraphs as though fully set

27    forth herein.

28

83. California Government Code § 12940(h) makes it unlawful for any person to retaliate against an employee who has engaged in a protected activity with respect to his employment.

84. Plaintiff engaged in a protected activity by taking medically excused absences from work. In direct response to Plaintiff's protected conduct, Defendants terminated Plaintiff.

85. Substantial motivating factors in Plaintiff's termination was his medically excused absence from work and need for accommodation.

86. Defendants' conduct as alleged above constituted unlawful retaliation in violation of Government Code § 12940(h).

87. As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in his field and damage to his professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

88. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believes and thereupon alleges that he will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

89. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been forced to hire attorneys to prosecute his claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under Government Code § 12965(b).

90. Defendants had in place policies and procedures that specifically prohibited and required Defendants' managers, officers, and agents to prevent disability and/or medical leave retaliation, as against and upon employees of Defendants. Managers, officers, and/or agents of Defendants were aware of Defendants' policies and procedures requiring Defendants' managers,

officers, and agents to prevent, and investigate, disability and/or medical leave retaliation against and upon employees of Defendants. However, Defendants chose to consciously and willfully ignore said policies and procedures and therefore, Defendants' outrageous conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff and the rights and duties owed by each Defendant to Plaintiff. Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above. Plaintiff should, therefore, be awarded exemplary and punitive damages against each Defendant in an amount to be established that is appropriate to punish each Defendant and deter others from engaging in such conduct.

## SEVENTH CAUSE OF ACTION

### WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

#### (Against ALL DEFENDANTS)

91. Plaintiff hereby repeats and incorporates all preceding paragraphs as though fully set forth herein.

92. At all times herein mentioned, Government Code §§ 12940, *et seq.* were in full force and effect and were binding on Defendants and each of them, as Defendants regularly employed five (5) or more persons. Under the Fair Employment and Housing Act ("FEHA"), Government Code §§ 12940, *et seq.*, it is an unlawful employment practice for an employer because of the disability of a person, to discharge the person from employment, or to discriminate against the person in compensation or in terms, conditions, or privileges of employment.

93. At all times mentioned, the public policy of the State of California, as codified, expressed and mandated in Government Code §§ 12940, *et seq.*, is to prohibit employers from discriminating against any individual on the basis of, but not limited to, disability as identified in California Government Code § 12940(a)-(o). This public policy of the State of California is designed to protect all employees and to promote the welfare and well-being of the community at large.

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300

94. At all times herein mentioned, California Government Code §§ 12940 et seq. were in full force and effect and were binding on Defendants and each of them, as Defendants regularly employed five (5) or more persons.

95. Accordingly, the actions of Defendants, and each of them, in terminating Plaintiff on the grounds alleged and described herein were wrongful and in contravention of the express public policy of the State of California, to wit, the policy set forth in Government Code §§ 12940, et seq., and the laws and regulations promulgated thereunder, and as set forth in *Tameny v. Atlantic Richfield Co.* (1980) 27 Cal.3d 167.

96. As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in his field and damage to his professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to California Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

97. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believes and thereupon alleges that he will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

98. Defendants had in place policies and procedures that specifically prohibited and required Defendants' managers, officers, and agents to prevent disability discrimination against and upon employees of Defendants. Managers, officers, and/or agents of Defendants were aware of Defendants' policies and procedures requiring Defendants' managers, officers, and agents to prevent, and investigate, disability discrimination based on disability against and upon employees of Defendants. However, Defendants chose to consciously and willfully ignore said policies and procedures and therefore, Defendants' outrageous conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff and the rights

and duties owed by each Defendant to Plaintiff. Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above.

99. Plaintiff is informed and believes, and based thereon alleges that Defendants and their managers, officers, and managing agents had a pattern and practice of wrongfully terminating employees who were disabled so that Defendants did not have to accommodate them. Plaintiff should, therefore, be awarded exemplary and punitive damages against each Defendant in an amount to be established that is appropriate to punish each Defendant and deter others from engaging in such conduct.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment, against all Defendants jointly and severally, as follows:

1. For general damages, according to proof;
2. For special damages, according to proof;
3. For loss of earnings, according to proof;
4. For declaratory relief, according to proof;
5. For injunctive relief, according to proof;
6. For attorneys' fees, according to proof. Cal. Labor Code § 218.5, 226(e), *et seq.*; Cal. Govt. Code § 12965(b);
7. For prejudgment interest, according to proof;
8. For punitive and exemplary damages, according to proof;
9. For costs of suit incurred herein;
10. For all equitable relief recoverable pursuant to *Harris v. City of Santa Monica* (2013) 56 Cal.4th 203; and
11. For such other relief that the Court may deem just and proper.

///

///

///

COMPLAINT

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial for all causes of action set forth herein

DATED:     March 18, 2020            JML LAW, A Professional Law Corporation

By:     _____

JOSEPH M. LOVRETOVICH

JARED BEILKE

RUTH GEWING

Attorneys for Plaintiff